IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. LILLEY, JR., <br><br> **Plaintiff** <br><br> v. <br><br> ERIE COUNTY DA JACK DANERI, <br><br> **Defendant** | ) <br> ) Case No. 1:21-cv-350 Erie <br> ) <br> ) <br> ) <br> ) <br> ) SUSAN PARADISE BAXTER <br> ) UNITED STATES DISTRICT JUDGE <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

### I. Plaintiff's Motion for Leave to Proceed in forma pauperis

Plaintiff John Lilley filed a motion seeking leave to proceed in forma pauperis [ECF No. 1] along with a proposed original complaint on December 20, 2021. Based on Plaintiff's averments in the motion, it appears that he is without sufficient funds to pay the filing and administrative fees associated with this case. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis will be granted.

### II. Standard of Review

Because Plaintiff is seeking redress "from a governmental entity or officer or employee of a governmental entity," his pleadings are subject to the screening provisions in 28 U.S.C. § 1915A. In pertinent part, § 1915A provides that a court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-89 (W.D. Pa. 2008).

### III. Discussion and Review of Plaintiff's Filings

Plaintiff, a pro se litigant, filed this action on December 20, 2021.[1] The only Defendant named in this action is Erie County District Attorney Jack Daneri. Mr. Lilley alleges:

> I was arrested May 31, 2015 and sentenced 6 months maximum penalty that ended December 1st 2015 and was not discharged from prison until December 8, 2015[.] 6 month agreement. Ex post Facto?

ECF No. 1-1, page 4.

In the Relief section of the proposed complaint, Plaintiff states:

> I received no discharge of my maximum sentence of 6 months that ended December 1st 2015. I was released from Erie County Prison December 8. Civil right pain and suffering torture.

*Id.* Furthermore, Plaintiff seeks $285,000,000,000,000,000,000,000 in monetary damages.

Because Plaintiff seeks an award of damages from District Attorney Daneri, his claims are barred by absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Walker v. City of Philadelphia*, 436 Fed. App'x 61, 62 (3d Cir. 2011) (per curiam); *Kulwicki v. Dawson*, 969 F.2d 1454, 1463–64 (3d Cir. 1992). Under the circumstances presented, these claims are clearly based on an indisputably meritless legal theory and thus will be dismissed as legally frivolous. *See Newton v. City of Wilmington*, 206 F. Supp. 3d 947, 954 (D. Del. 2016) (dismissing damages claims against prosecutors as frivolous); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992) (same).

---

[1] Plaintiff is a prolific filer in this Court. Since May 2021, Plaintiff has initiated multiple lawsuits in this federal district court.

Generally, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (32d Cir. 2002). However, the court "need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.*, 2018 WL 40571719, at *8 (W.D. Pa. Aug. 27, 2018) *quoting Taylor v. Pilewski*, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008). Because the undersigned concludes, as a matter of law, that Plaintiff cannot establish a constitutional or statutory violation based on the facts alleged in the proposed complaint against this Defendant, leave to amend is futile.

An appropriate Order follows this Memorandum Opinion.